Filed 5/10/22  P. v. Montano CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C094078 |
| Plaintiff and Respondent, | (Super. Ct. No. 10F03010) |
| v. | |
| JESUS CEJA MONTANO, | |
| Defendant and Appellant. | |

Defendant Jesus Ceja Montano appeals the trial court's order denying his petition for resentencing under Penal Code section 1170.95.[1]  Defendant contends the trial court erred in finding him ineligible for relief as a matter of law.  Based, in part, on new legislation that applies retroactively to defendant's case, the People concur that defendant is entitled to reversal and remand for further proceedings on one of his convictions.  As

---

[1]  Undesignated statutory references are to the Penal Code.

we shall explain, we conclude that he is entitled to reversal and remand on two of his convictions.

## PROCEDURAL BACKGROUND

Given the nature of this appeal, it is not necessary to recount at length the events leading up to defendant's six convictions for attempted murder.[2] (*People v. Delamora et al.*, (May 25, 2016, C076142), [nonpub. opn.] (*Delamora*).)[3] It is enough to state that defendant drove codefendant Frank Delamora to an apartment complex. Delamora got out of the car and fired 20 to 30 shots from an assault rifle at men he believed to be rival gang members. Afterward, defendant and Delamora led the police, one of whom had a ride along passenger, on a high-speed chase with Delamora continuing to fire the assault rifle out of defendant's passenger window. The chase ended when the pursuing police officer lost sight of the car as it sped down the freeway. Montano was the owner of the assault rifle used in the shooting. (*Delamora, supra*, C076142.)

At trial, the court instructed the jury it could find defendant guilty of all counts of attempted murder based on an aiding and abetting theory (CALCRIM No. 401). With

---

[2] The jury found defendant guilty of attempted murder each as to a different civilian (§§ 664/187, subd. (a); counts one through four); attempted murder of a peace officer (§§ 664/187, subd. (a); count five) and attempted murder of a civilian ride along passenger (§§ 664/187, subd. (a); count seven); assault with a semiautomatic firearm on a peace officer (§ 245; subd. (d)(2); count six); discharging a firearm at an occupied motor vehicle (§ 246; count 12); and discharging a firearm at an inhabited dwelling house (§ 246; count 13). The jury found true the allegation as to all counts that he was a principal and at least one principal who personally and intentionally discharged a firearm (§ 12022.53, subds. (c) & (e)(1)) and was armed with a firearm (§ 12022, subd. (a)(2)). The jury also found true that the crimes were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)). (*Delamora, supra*, C076142.)

[3] On our own motion, we take judicial notice of our opinion affirming the judgment of conviction and sentence in defendant's direct appeal. (Evid. Code, §§ 459, subd. (a), 452, subd. (d) [permitting a court to take judicial notice of records of "any court of this state"].)

2

respect to counts five through 12 and specifically the charges of attempted murder of a police officer (count five) and attempted murder of the civilian ride along passenger (count seven), the jury was also instructed under CALCRIM Nos. 416 and 417 on conspiracy to evade a peace officer and that a member of the conspiracy is criminally responsible for any act that is done to further the conspiracy and is a natural and probable consequence of the common plan. The jury was instructed, in part, that it could find defendant guilty if the People proved that: "1. The defendant conspired to commit the crime of evading a peace officer; [¶] 2. A member of the conspiracy committed attempted murder or assault with a semiautomatic firearm on a peace officer or discharge of a firearm at an occupied vehicle to further the conspiracy; and [¶] 3. Attempted murder or assault with a semiautomatic firearm on a peace officer or discharge of a firearm at an occupied vehicle were natural and probable consequences of the common plan or design of the crime that the defendant conspired to commit." (*Delamora, supra,* C076142.)

The trial court sentenced defendant to a total term of 94 years plus 37 years to life. (*Delamora, supra*, C076142.) On appeal, this court struck the gang enhancements under sections 186.22 and 12022.53, subdivision (e) due to insufficient evidence and remanded the matter for resentencing. (*Delamora,* C076142.) The trial court subsequently resentenced defendant to a determinate term of 35 years, plus seven years to life.

On February 28, 2019, counsel filed a petition for resentencing under section 1170.95 on behalf of defendant. In the petition, counsel declared that an information was filed against defendant that allowed the prosecution to proceed under a theory of attempted murder based on the natural and probable consequences doctrine; that he was convicted of six counts of attempted murder; and that he could not now be convicted of attempted murder based on the recent changes to sections 188 and 189. The trial court appointed counsel and received briefing from the parties.

On August 13, 2020, the trial court denied defendant's petition without an evidentiary hearing. The court noted that the plain language of section 1170.95 does not provide for relief from an attempted murder conviction; it only provides possible relief to those convicted of murder. Additionally, the court found that for five out of the six convictions, defendant's jury was instructed on aiding and abetting (CALCRIM No. 401) and not the natural and probable consequences doctrine (CALCRIM No. 402). As a result, the court found that even if section 1170.95 provided a pathway to relief for those convicted of attempted murder, defendant failed to show his convictions for counts one through four and seven were based on the natural and probable consequences doctrine.

The trial court noted that his conviction for attempted murder of a peace officer in count five was obtained after the jury was instructed on CALCRIM Nos. 416 and 417 on conspiracy to commit evasion of a peace officer, and that any conspirator is liable for any attempted murder that was the natural and probable consequences of acts taken in furtherance of that conspiracy. Yet the court ultimately found that defendant failed to show that he could not be convicted of attempted murder under the amended law because in this court's prior opinion on direct appeal we found the evidence for count five was sufficient to support the conviction based solely on the theory of direct aiding and abetting. The trial court stated that in light of that finding, "it is beyond a reasonable doubt that a jury could find defendant Montano guilty of the attempted murder based solely on direct aiding and abetting, rendering him ineligible for relief" under section 1170.95. Defendant timely appealed.

DISCUSSION

Defendant makes three related contentions of error: (1) Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551) (Senate Bill 775) recently amended section 1170.95 to apply to attempted murder convictions; (2) defendant's petition meets the eligibility requirements and nothing in the record refutes his claim; and (3) the trial court erred in denying his petition without an evidentiary hearing and instead improperly

4

relying upon this court's prior factual determinations.  The People agree that the trial court erred in denying defendant's petition as to count five without issuing an order to show cause and that defendant is entitled to seek relief under section 1170.95 for his attempted murder conviction in light of recent amendments made through Senate Bill 775.

 *A. Legal Background*

 Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, §§ 1-4), effective January 1, 2019, was enacted to amend " 'the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 842, quoting Stats. 2018, ch. 1015, § 1, subd. (f).)  The bill also "added section 1170.95 to provide a procedure for those convicted of felony murder or murder under the natural and probable consequences doctrine to seek relief . . . ." (*Gentile,* at p. 843.)

 In *People v. Lewis* (2021) 11 Cal.5th 952, our Supreme Court clarified the procedures created through section 1170.95.  In particular, the court concluded that where "a complying petition is filed; the court appoints counsel, if requested; the issue is briefed; and then the court makes one (not two) prima facie determination." (*Lewis,* at p. 966, fn. omitted.)  After counsel has been appointed and the parties have had the opportunity for briefing, the trial court may "consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.' " (*Id.* at p. 957, quoting former § 1170.95, subd. (c).)  If, taking the petitioner's factual allegations as true, petitioner would be entitled to relief if his or her factual allegations were proved, the court must issue an order to show cause.  " 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations

made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Lewis,* at p. 971.)

While this case was pending on appeal, the Legislature enacted Senate Bill 775 which amended section 1170.95 to, among other changes, permit certain defendants convicted of attempted murder to petition for relief and clarify that "[a] finding that there is substantial evidence to support a conviction for murder, attempted murder, or manslaughter is insufficient to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3), as added by Stats. 2021, ch. 551, § 2.) Senate Bill 775 became operative on January 1, 2022. The People agree it is applicable to attempted murder convictions, such as defendant's, not final on appeal as of the effective date of the statute. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 307-308; *In re Estrada* (1965) 63 Cal.2d. 740, 744.)

*B. Analysis*

Because Senate Bill 775 is now operative, defendant is entitled to the retroactive application of the amendments it makes to section 1170.95. (See *People v. Garcia* (2018) 28 Cal.App.5th 961, 973; *People v. Vieira* (2005) 35 Cal.4th 264, 305-306.) As a result, defendant may seek relief from his attempted murder convictions under section 1170.95. In addition, this court's prior finding that substantial evidence supports an aiding and abetting theory of prosecution is insufficient to render a defendant ineligible for relief under section 1170.95 as a matter of law.

*1. Counts Five and Seven*

Applying newly amended section 1170.95 invalidates the basis for the trial court's ruling as to count five. (§ 1170.95, subd. (d)(3), as added by Stats. 2021, ch. 551, § 2.) Nor can we conclude, based on the record, that defendant's conviction in count five (attempted murder of a peace officer) is otherwise ineligible as a matter of law for relief under section 1170.95. The same reasoning applies to defendant's attempted murder conviction for the civilian ride along passenger referenced in count seven (attempted

6

murder of the ride along passenger).  As to both counts, the jury was instructed on both aiding and abetting and the natural and probable consequences doctrine.  The prosecutor argued the natural and probable consequences theory would support findings of guilt.  (*Delamora, supra*, C076142.)  There is nothing in the record that indicates which theory the jury adopted, or whether the jurors were even unanimous in the theory of guilt.  Thus, the record does not preclude the possibility that the jury found defendant guilty on a theory that does not comport with the malice requirements under sections 188 and 189.  Indeed, our prior opinion concluded there was substantial evidence to support a theory that the attempted murder of a peace officer and his ride along passenger were the reasonably foreseeable results of the planned offense.  (*Delamora,* C076142 ; see *People v. Montes* (2021) 71 Cal.App.5th 1001, 1007, [a defendant convicted of attempted murder made a prima facie showing of eligibility for relief under § 1170.95 where the record shows the jury was instructed with the elements for the natural and probable consequences doctrine and the prosecutor argued the doctrine was satisfied during closing argument].)  We therefore cannot say that defendant possessed the intent to kill as a matter of law.  Accordingly, we reverse and remand the matter to the trial court to conduct further proceedings on counts five and seven in accordance with the terms of section 1170.95.

     2.  *Counts One  through Four*

Although the trial court did not have the benefit of Senate Bill 775 when it issued its ruling, it assumed section 1170.95 applied to attempted murder convictions when it considered whether defendant made a prima facie showing he was eligible for relief.  As to counts one through four, unlike with counts five and seven, the trial court did not instruct the jury on the natural and probable consequences theory for the attempted murder charges.  Rather, the only theory of attempted murder for counts one through four the jury was instructed on was aiding and abetting.  (See *People v. Seumanu* (2015) 61 Cal.4th 1293, 1336 [reviewing court must assume the jury properly followed the

7

instructions provided].)  The facts in defendant's record of conviction conclusively contradict defendant's allegation that the changes to sections 188 and 189 eliminated the theory under which he was convicted in counts one through four.  As such, we agree with the trial court that defendant has not made a prima facie showing he is eligible for relief as to those counts.

## DISPOSITION

The trial court's order denying the petition for resentencing is reversed as to counts five and seven.  The case is remanded for the trial court to issue an order to show cause and hold a hearing to determine whether defendant is entitled to relief under section 1170.95 for those counts.  The trial court's order is otherwise affirmed.


\line{\hskip 4cm _____\s\_____,}

          _____\s\_____,
          BLEASE, Acting P.J.


We concur:


_____\s\_____,
HULL, J.


_____\s\_____,
MAURO, J.